IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VINCENT LYNN HILL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-CV-419-O |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## **OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Vincent Lynn Hill, a state parolee, against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## **I. BACKGROUND**

On September 25, 2015, pursuant to a plea agreement, Petitioner pleaded guilty in the 372nd Judicial District Court of Tarrant County, Texas, Case No. 1378026D, to one count of burglary of a habitation and was sentenced to four years' confinement in TDCJ. State Habeas R. 63-68, ECF No. 11-5. Petitioner did not directly appeal his conviction or sentence. Pet. 3, ECF No. 1. On April 25, 2016, Petitioner filed a state habeas-corpus application challenging the execution of his four-year sentence, which was denied by the Texas Court of Criminal Appeals on July 13, 2016, without written order on the findings of the trial court.[1] *Id.* at 18; Action Taken, ECF No. 11-1. Petitioner

---

[1]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on April 25, 2016; thus, the

filed this federal habeas petition on May 22, 2017,[2] wherein he raises one ground for relief, alleging ineffective assistance of trial counsel. Pet. 6, ECF No. 1. Respondent asserts that the petition is time-barred under the federal statute of limitations.

## II. DISCUSSION

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

---

Court deems the application filed on that date.

[2]Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner asserts in his petition that he placed the document in the prison mailing system on March 31, 2017, but the document was not received by the clerk of Court for filing until May 22, 2017, and the envelop containing the document reflects a postmark of May 21, 2017. Pet. 1, 10, ECF No. 1. Due to this unexplained discrepancy, Petitioner is not given the benefit of the prison mailbox rule. The Court notes, however, that even if the rule were applied, the result would be the same.

28 U.S.C. § 2244(d)(1)-(2).

Because Petitioner's claim relates to events leading up to and during the Tarrant County plea proceedings, subsection (A) is applicable to this case. Under that provision, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on October 25, 2015. Therefore, Petitioner had one year, or until October 24, 2016, to file a timely federal petition, absent any tolling.[3] TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application, pending from April 25, 2016, through July 13, 2016, operated to toll limitations for 80 days, making his petition due on or before January 12, 2017. Thus, Petitioner's federal petition is untimely unless he demonstrates that equitable tolling is justified.

Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner did not respond to Respondent's preliminary answer or otherwise explain his delay or make any reference to actual innocence in his petition. Thus, he has not demonstrated a basis for equitable tolling.

---

[3] The year 2016 was a leap year.

Accordingly, Petitioner's federal petition was due on or before January 12, 2017. His petition filed on May 22, 2017, is therefore untimely.

**III. CONCLUSION**

For the reasons discussed, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed, a certificate of appealability is DENIED.

**SO ORDERED** on this 4th day of September, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**